IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CV-5-D(3)

| | |
|---|---|
| KENNETH FORTIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| PRINCIPAL LIFE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This Cause comes before the Court upon Plaintiff's motion to compel [DE's 22-23]. Defendant has responded to this motion [DE-30], and the matter is now ripe for adjudication. For the following reasons, Plaintiff's motion is DENIED.

On November 28, 2007, Plaintiff filed this action against Defendant pursuant to Section 502(a)(1)(B) of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). Plaintiff seeks to recover disability benefits offered by his employer pursuant to insurance policies issued by Defendant. The parties agree that Plaintiff is medically disabled from performing his occupation as a physician. However, the parties disagree about the calculation of benefits.

During discovery in this matter, Defendant produced a privilege log pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure. In this privilege log, Defendant listed 12 documents that it contends are protected from discovery by the attorney-client and work

product privileges. Plaintiff disputes the claim of privilege as to the first eleven documents. Specifically, Plaintiff argues that a "fiduciary exception" exists regarding these privileges under which an ERISA fiduciary may not assert them against a plan beneficiary. Therefore, Plaintiff requests that the Court order Defendant to produce the identified documents for *in camera* inspection. Conversely, Defendant contends that the motion to compel should be denied and that no *in camera* review is necessary.

The Supreme Court has expressly recognized that the attorney client privilege enjoys a special position as "the oldest of the privileges for confidential communications known to the common law." " Upjohn Co. v. United States, 449 U.S. 383, 389 (1981). The attorney-client privilege is intended to encourage "full and frank communication between attorneys and their clients. *Id.* As a result, attorney-client confidential communications are afforded "absolute and complete protection from disclosure." In re Allen, 106 F.3d 582, 600 (4th Cir. 1997). While the attorney-client privilege protects client confidences, the work-product privilege protects the files and mental impressions of counsel. Hickman v. Taylor, 329 U.S. 495, 510-511 (1947). The work-product doctrine has been codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure, which states in pertinent part: "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney . . . ). Fed. R. Civ. P. 26(b)(3)(A).

A fiduciary exception to both privileges has been recognized in some circuits. Tatum v. R.J. Reynolds Tobacco Company, 247 F.R.D. 488, 493 (M.D.N.C. 2008)(collecting

2

various circuit opinions)(internal citations and quotations omitted). "In the context of ERISA, courts have found that an ERISA plan fiduciary generally may not assert the attorney-client privilege against plan participants with regard to matters of plan administration." *Id*. (internal citations omitted). "The fiduciary exception is grounded in the identity of interests between the fiduciary and beneficiary, and the fact that the beneficiary is the 'real client' of legal advice concerning plan administration." *Id.* at 498. However, courts have limited the fiduciary exception by "permitting assertion of attorney client privilege where the communications between the plan administrator and its attorneys relate to non-fiduciary matters such as . . . legal advice for the plan administrator's personal protection against plan beneficiaries." *Id.* at 495.

Notably, the Fourth Circuit has not specifically recognized the fiduciary exception in the ERISA context. *Id.* at 494. District courts within the Fourth Circuit, however, have analyzed the fiduciary exception in relation to ERISA. In Coffman v. Metropolitan Life Insurance Co., a district court stated that the fiduciary exception is inapplicable "when an administrator is required to justify or to defend against a beneficiary's claims made because of an act of plan administration. . . ." Coffman, 204 F.R.D. 296, 299 (S.D.W.Va. 2001)(internal quotations omitted). Likewise, in Tatum v. R.J. Reynolds Tobacco Company, another district court observed that the grounding for the fiduciary exception "vanishes where the fiduciary is faced with a threat of litigation and seeks legal advice for its own protection against plan beneficiaries . . ." Tatum, 247 F.R.D. at 498 (internal citations omitted). In addition, the Third Circuit has indicated that the fiduciary exception does not apply with

3

equal force to all ERISA fiduciaries. Wachtel v. Health Net, Inc., 482 F.3d 225, 233-234 (3rd Cir. 2007). Specifically, the Wachtel Court held that "significant differences exist between insurance companies fiduciaries . . . and other ERISA fiduciaries . . . ", such as an employer who acts as a plan fiduciary. *Id.* at 234. Ultimately, the Watchel Court determined that it would be "paradox[ical]" to apply the fiduciary exception "to an insurer which is acting as a fiduciary in deciding claims under an ERISA plan." *Id.* at 237-238. In reaching this decision, the Third Circuit also noted that the fiduciary exception typically did not apply when a fiduciary sought the advice of counsel for its own personal defense in contemplation of adversarial proceedings against its beneficiaries. *Id.* at 233.

Here, Defendant is an insurance company providing contractual claims administration services to a fully insured long term disability ("LTD") plan. It reviews and decides LTD benefit claims and then pays benefits on approved claims from its own assets. Moreover, Defendant contends that "all of the challenged communications on the privilege log occurred after [Defendant] denied Plaintiff's claim . . . , and after Plaintiff threatened [Defendant] with litigation." (Def. Mem., 9). In response to Plaintiff's threat of litigation Defendant "began requesting and receiving counsel from its legal department on its legal rights and responsibilities with respect to Plaintiff's LTD claim." *Id.* at 2. All of the communications to which Plaintiff seeks to apply the fiduciary exception related to the threatened litigation. *Id.* at 9. Based on these circumstances, the undersigned finds that the fiduciary exception does not apply. Accordingly, Plaintiff's motion to compel is DENIED in all respects.

DONE AND ORDERED in Chambers at Raleigh, North Carolina this 2nd day of June,

4

2008.

                                                  _____
                                                  William A. Webb
                                                  U.S. Magistrate Judge